UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JAMES RICHMOND, on behalf of
himself and those similarly situated,

    Plaintiff,

CASE NO.:

vs.

20/20 COMMUNICATIONS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES RICHMOND ("RICHMOND" or "Plaintiff"), on behalf of himself and other "Field Sales Manager" employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, 20/20 COMMUNICATIONS, INC ("20/20" or "Defendant") and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former "Field Sales Manager" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2. This action is intended to encompass all "Field Sales Manager" employees, employed by Defendant within the last three (3) years, and continuing until the date of the entry of judgment

in this case, who serviced Defendant's Samsung account, and who worked in excess of 40 hours in one or more workweeks but who were not compensated overtime premiums in such workweeks in which they worked over 40 hours.

### JURISDICTION and VENUE

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. Venue is proper in this Court because Plaintiff resides within the District, Defendant has substantial business operations within the District, and the events giving rise to this action took place within this District.

### PARTIES

7. At all times material hereto, Plaintiff was and continues to be a resident of Kane County, Illinois.

8. At all times material hereto, Plaintiff was a "Field Sales Manager," employed by Defendant, and performed related activities for Defendant in Kane County, Illinois, among other counties.

9. At all times material hereto Defendant 20/20 was, and continues to be, a Foreign Profit Corporation, with substantial business operations within this District.

10.     At all times material hereto, Defendant was, and continues to be, primarily engaged in the business of providing outsourced sales/marketing, merchandising and training services to its corporate clients in various businesses.  *See* http://2020companies.com/What-We-Do.

11.     One of Defendant's corporate clients is Samsung.

12.     Plaintiff, and those similarly situated to Plaintiff were/are "Field Sales Managers" employed by Defendant, who serviced Defendant's Samsung account.

## COVERAGE

13.     At all times material hereto Plaintiff was Defendant's "employee" within the meaning of the FLSA.

14.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

15.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

16.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

15.     Specifically, at all material times hereto, Defendant operated in multiple states throughout the United States simultaneously, servicing its clients.

16.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA, because it produced marketing materials for distribution throughout the United States.

18.     At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

19. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as automobiles, gasoline, computers, cell phones, tablets, and marketing materials.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he regularly received packages of marketing materials from Samsung in interstate mail and engaged in interstate communication as part of his job for Defendant.

21. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

22. Defendant works on a contract basis with various companies and their brands, specifically in the spheres of sales/marketing, merchandising, and training.

23. Among other services/products it provides, Defendant helps its clients launch new products, penetrate new consumer segments, and execute their sales and marketing strategies, to help their clients reach their business goals.

24. Plaintiff was employed by Defendant as a non-exempt "Field Sales Manager."

25. Plaintiff worked in this capacity from approximately April 1, 2014 to June 1, 2015.

25. As a "Field Sales Manager," Plaintiff was assigned to work on Defendant's Samsung account and was paid a salary.

26. Plaintiff and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty in a workweek.

28. Defendant has employed and continues to employ hundreds of other individuals as "Field Sales Manager" employees, who serviced their Samsung account, who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members nationwide. *See* **EXHIBIT A**, a composite exhibit of job descriptions for its "Field Sales Manager" position from across the United States.

29. Defendant has violated Title 29 U.S.C. §207, from at least June 9, 2013, and continuing to date, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendant;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

30. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

### COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff and the class members were all "Field Sales Managers," assigned by Defendant to service its Samsung account, and performed the same or similar job duties as one

another in that they provide training, promotional and production-type services on behalf of Defendant, to store staff.

32. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all salaried, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

33. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "Field Sales Managers" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "Field Sales Managers" employees as exempt from overtime.

34. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "Field Sales Managers" who worked for Defendant nationwide on Defendant's Samsung account, within the last three years, and up to and including the date of entry of judgment in this case, who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

35. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

36. Specifically, Defendant continued to carry out its illegal pattern or practice of failing to pay overtime compensation to its "Field Sales Managers" despite its knowledge that

other companies in its industry have been sued previously and held to have violated the FLSA for exactly the same reasons alleged herein. *See, e.g., Beauford v. ActionLink, LLC,* 2013 WL 1247644 (E.D. Ark. March 27, 2013), *aff'd* 781 F.3d 396 (8th Cir. 2015); *see also Smith v. 20/20 Communications, Inc.,* 2:15-cv-00687 (M.D. Fla.).

37. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

39. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

**COUNT I**
**<u>VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION</u>**

41. Plaintiff realleges and reavers paragraphs 1 through 40 the Complaint as if fully set forth herein.

42. From at least April 2014, and continuing through June 2015, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

43. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

45. To date, Defendant continues to fail their "Field Sales Manager" employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

46. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

47. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of themselves and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA;

e. An award of liquidated damages pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 9, 2016.

Respectfully submitted,

_____
Andrew R. Frisch, Esquire
Florida Bar No.: 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-WORKERS
Fax: 954-327-3013
E-mail: afrisch@forthepeople.com

***Trial Counsel for Plaintiff***